IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL GAY, § | | |
| TDCJ #597893, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-3661 | |
| § | | |
| UNITED STATES OF AMERICA, *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Manuel Gay (TDCJ #597893), is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a complaint alleging violations of his civil rights in connection with a federal forfeiture proceeding. The plaintiff proceeds *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

I.   BACKGROUND

Gay is currently in custody at the Ellis Unit in Huntsville, Texas. Court records reflect that he is presently in prison as the result of one or more state court convictions for possession of a controlled substance, namely, cocaine. *See Gay v. Scott*, No. H-95-0646 (S.D. Tex.) (denying federal habeas corpus relief from a state court drug conviction and an enhanced ninety-nine year prison sentence from the 359th District Court of Montgomery County, Texas).

Gay's pending civil rights complaint concerns a federal forfeiture proceeding. In 2004, Gay pled guilty to one count of a federal grand jury indictment that accused him of aiding and abetting the possession with intent to distribute a controlled substance, namely, cocaine and cocaine base (*i.e.* crack cocaine). *See United States v. Gay*, No. 04-011 (S.D. Tex.). As a result, Gay received a sentence of 150 months in federal prison. The conviction was affirmed on direct appeal. *See United States v. Gay*, No. 05-20065 (5th Cir. March 7, 2006). As a result of the conviction, the United States obtained a forfeiture order for a 2002 Ford F350 Pickup Truck (VIN #1FTWW32FX2EB24245) pursuant to 21 U.S.C. § 881(a)(4). *See United States v. 2002 Ford F350 Pickup Truck*, Civil Action No. 04-2849 (S.D. Tex.). Gay did not file a timely appeal from the forfeiture.

In a civil complaint dated November 3, 2006, Gay sues the United States, the United States District Court, and two law enforcement agents (DEA Agent Irwin and Task Force Agent Womack) regarding the "theft" of his truck. Gay complains that the agents entered upon his property and stole the truck on January 6, 2004, without a warrant or probable cause. Gay insists that the truck was not purchased with drug proceeds and that it was wrongfully forfeited. Gay would like his truck to be returned or he would like to be compensated for its cost. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

II.     **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA

requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

3

**III.    DISCUSSION**

    **A.    Absolute Immunity**

The plaintiff names the United States District Court that presided over the forfeiture action as a defendant in this case. Court records show that the same United States District Judge presided over the plaintiff's criminal proceeding and the ensuing forfeiture action. *See* Criminal No. H-04-011 & Civil Action No. H-04-2849 (S.D. Tex.). The plaintiff fails to state a valid claim against the United States District Court because he is entitled to absolute immunity in this instance.

Judges are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). "Absolute immunity denies a person whose federal rights have been violated by a government official from obtaining any type of remedy, regardless of the conduct." *Beck v. Texas Bd. of Dental Exam.*, 204 F.3d 629, 634 (5th Cir. 2000). Judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11-12 (1991).

The pleadings in this case, which make no mention of any wrongdoing on the District Court's part, fall well short of the type of allegations necessary to deprive a judge of absolute immunity. Because the plaintiff seeks monetary relief from a defendant who is immune from

such relief, his claims against the United States District Court are subject to dismissal for this reason. In addition, the plaintiff's claims fail for other reasons set out immediately below.

### B.     The Claims are Barred by *Heck v. Humphrey*

The plaintiff seeks compensatory damages from the defendants for alleged civil rights violations under the Fourth Amendment that implicate the validity of an *in rem* forfeiture of property following a criminal conviction.[1] To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

The forfeiture of the plaintiff's truck was obtained pursuant to 21 U.S.C. § 881(a)(4), following a criminal conviction. The plaintiff now attempts to litigate Fourth Amendment challenges related to the search and seizure of the forfeited property. This issue was raised

---

[1]     Although the plaintiff filed the complaint in this case under 42 U.S.C. § 1983, any civil rights claims against the federal actors involved arise under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

during the forfeiture proceeding, where the district court granted the government's motion for summary judgment and entered a final order of forfeiture. *See United States v. 2002 Ford F350 Pickup Truck*, Civil Action No. H-04-2849 (S.D. Tex. Dec. 21, 2004) (Doc. # 16). Because the plaintiff's allegations implicate the validity of the forfeiture judgment, the rule in *Heck* applies to the pending complaint. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994) (applying *Heck* to a *Bivens* claim); *see also Dadi v. Hughes*, 67 Fed. App'x 242, 2003 WL 21108550 (5th Cir.) (No. 02-21164) (agreeing that the rule in *Heck* bars a challenge to the validity of an *in rem* forfeiture), *cert. denied*, 540 U.S. 962 (2003); *Cooper v. United States*, 44 Fed. App'x, 2002 WL 1396975 (5th Cir. 2002) (same).

Court records confirm that neither the underlying conviction nor the forfeiture action have been overturned or otherwise invalidated. To the extent that the plaintiff's allegations implicate the validity of the forfeiture, his claims are not cognizable at this time. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). Accordingly, the complaint is legally frivolous and must be dismissed with prejudice. *See id*.

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Manuel Gay (TDCJ #597893) and forward them to the Clerk

on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice as legally frivolous.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on December 5, 2006.

_____
Nancy F. Atlas
United States District Judge